THE UNITED STATES NATIONAL BANK OF ATCHISON, KANSAS, v. A. B. POMEROY *et al.*

No. 126.

1. GARNISHMENT—*Garnishee Properly Discharged.* Where issues were joined between a judgment creditor and a garnishee as to the truth of the answer filed by the latter, and upon a hearing thereof the evidence disclosed that the garnishee had in his possession certain property which was duly conveyed to him by the judgment debtor to secure a valid indebtedness, and the evidence failed to show that the value of the property so mortgaged exceeded the amount secured thereby, *held*, that the court committed no error in discharging the garnishee.

2. ——— *Time of Service Governs.* The liability of a garnishee must be determined from the facts as they are found to exist at the date of the service of the summons in the garnishment.

MEMORANDUM.— Error from Pottawatomie district court; WILLIAM THOMSON, judge. Proceeding by The United States National Bank of Atchison, Kansas, against A. B. Pomeroy and others as garnishees.

Judgment for garnishees. Plaintiff brings the case to this court. Affirmed. The opinion herein, filed July 9, 1896, states the material facts.

*Tufts & Crowell*, for plaintiff in error.
*Hick & Badgley*, for defendants in error.

The opinion of the court was delivered by

CLARK, J.: On June 4, 1890, the United States National Bank of Atchison, Kansas, commenced an action in the district court of Pottawatomie county against the administrator of the estate of J. N. Roberts, deceased, M. N. Hartwell, and C. A. Dickman, to recover the sum of $1,000 and interest due upon a promissory note, and on the same day caused a garnishment summons in said cause to be served on the defendants in error. The garnishees severally answered, denying any indebtedness by them to the defendants, or either of them, or that they had in their possession or under their control any property, effects or credits of any description belonging to the defendants, or in which they had any interest. The plaintiff gave due notice that it elected to take issue upon the truth of each answer as filed. On September 2, 1890, the plaintiff recovered a judgment in the action against the administrator of the estate of J. N. Roberts, deceased, M. N. Hartwell and C. A. Dickman for $1,077.50, and the garnishment proceedings were continued from time to time until September 8, 1891, when a trial was had upon the issues joined between the plaintiff and the several garnishees, none of the defendants in the main action participating in or being parties thereto. The court found in favor of the garnishees and rendered judgment against the plaintiff for costs. The plaintiff seeks a reversal of this judgment.

Several assignments of error are set forth in the petition in error, but they relate principally to the rulings of the court on the admission and rejection of evidence offered at the hearing, to the findings of the court, the rendition of the judgment in favor of the garnishees, and the overruling of the motion for a new trial. But the brief of the plaintiff in error filed herein contains no specification of the errors complained of, as required by the rules of this court. It consists wholly of a statement of the facts out of which this controversy arose, a brief recital of the court proceedings, a reference to certain testimony offered, and an argument in support of the assignments of error in relation to such testimony. We have therefore been compelled, in order to ascertain whether the court erred in overruling the motion for a new trial, carefully to examine the entire record, which would not have been necessary had the rules of this court in relation to the preparation of briefs been observed.

It appears from the record that in July, 1889, J. N. Roberts and C. A. Dickman were partners engaged in the mercantile business at Blaine, in Pottawatomie county, and that on that day Roberts purchased from Dickman his interest in the partnership business for $3,516.30, and in payment thereof executed and delivered to Dickman five promissory notes for $703.26 each, payable at intervals of six months respectively, secured by a chattel mortgage on the stock of goods. This chattel mortgage was not filed for record until April 24, 1890. On April 7, 1890, Roberts executed, in favor of A. B. Pomeroy, cashier, a note for $10,-000, and at the same time executed a mortgage on this same property to secure its payment. This mort-

gage was filed for record on May 15, 1890, and contained this stipulation:

"It is understood between the parties hereto that this mortgage shall cover all existing indebtedness of said first party to the First National Bank of Westmoreland, Kansas, also all future advances from said second party as cashier to said first party, and shall also be and remain a lien upon said goods, wares and merchandise as collateral security to protect all accommodation indorsements of said first party and held by said bank."

On April 22, 1890, a new note for $10,000, secured by a chattel mortgage on the same stock of goods, and which also covered the "books of accounts and accounts therein contained, now due and owing said first party," was executed by Roberts and his wife to Pomeroy as cashier, and which otherwise contained the same stipulations as were set out in the mortgage of date April 7. This mortgage was filed the day after its execution. The last two mortgages above mentioned were executed to secure the same indebtedness. On April 23, Pomeroy, on behalf of the bank, took possession of the property, and on May 7 Dickman commenced an action in replevin against the First National Bank of Westmoreland to recover its possession.

The record does not show either the value of the goods in controversy, or that the bank had possession thereof on the date of the service of the garnishment summons, and for aught that appears the property may have been turned over to the administrator of the Roberts estate before this proceeding was commenced. After the service of the garnishment summons, the First National Bank purchased from Dickman for $2,050 the notes held by him against the Roberts estate. Of the purchase price, $1,700 was

paid by canceling a judgment which the bank held against Dickman, and the balance was paid in cash. The record does not show what became of the suit between Dickman and the First National Bank, but it was evidently the understanding between the parties, at the time of the purchase of the Roberts notes, that that suit was to be dismissed. Nor does the record show that Dickman was entitled to the possession of the property, or that he sustained any damage by reason of its detention by the Westmoreland bank, or that the latter was indebted to him. We think there is sufficient competent evidence in the record to show a valid indebtedness from Roberts to the bank at the date of the execution of these mortgages and at the date of the service of the garnishment summons. That being the case, it was rightfully in possession of the property. The plaintiff, on cross-examination of Pomeroy, proved that Roberts was indebted to the bank in the sum of at least $4,500, and, as the record does not show that the value of the property exceeded that amount, although the court may have erred in its rulings upon the admission of some of the evidence offered, the finding must necessarily have been in favor of the garnishee had the evidence which counsel designates as incompetent been stricken out. The mortgage from Roberts to Dickman, as between the parties to the transaction and their privies, created a valid lien on the property. This mortgage and the notes secured by it were purchased and paid for by the Westmoreland bank after the service of the summons in garnishment, and the record fails to show that any liability existed in favor of either Roberts or Dickman at the time the summons was served.

As the finding and judgment of the court are sus-

tained by the evidence, and as no substantial error appears in the record, the judgment will be affirmed.

All the Judges concurring.